Gerald PANG and Ginger
Pang, Appellants,

v.

Albert BETTS and Mary Betts,
Respondents.

No. 48719.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 29, 1985.

Francis L. Ruppert, Clayton, for appellants.

Gary R. Sarachan, St. Louis, for respondents.

CLEMENS, Senior Judge.

By their Count I plaintiff-appellants Pang sought specific performance of an alleged oral promise by owner-defendants Betts to sell their rental property to plaintiffs. Answering, defendants denied an agreement to sell and pleaded plaintiffs were merely monthly tenants. Defendants also pleaded the statute of frauds. The trial court found against plaintiffs and they have appealed. We affirm.

By Count II plaintiffs alternatively sought $8,399 for their material and labor in repairing fire damages to defendants' property. The trial court awarded plaintiffs $2,939. Both parties have appealed. We affirm.

Plaintiffs had become defendants' tenants ten years before and as rental paid defendants $87 a month. This was the amount of defendants' monthly installments on their 25-year secured debt to a lender; defendant-owners had continued to pay the taxes and insurance premiums. Annually the Betts reported the Pangs'

rental payments as Betts' income to the Internal Revenue Service.

 In rendering judgment against plaintiffs on their Count I the trial court found they had failed to sustain their burden on their alleged oral real estate contract. It specifically found plaintiffs had failed to overcome the statute of frauds, Section 432.010 RSMo. See the required elements of a verbal contract to sell real estate enumerated in *Gegg v. Kiefer,* 655 S.W.2d 834 [1] (Mo.App.1983).

On Count I we affirm the trial court's judgment against plaintiffs, this in accordance with *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976).

We look now to plaintiffs' alternative Count II concerning their repairs made and materials furnished for the fire-damaged property. For this the trial court awarded plaintiffs $2,939. Both parties appeal.

Plaintiffs contend that after the fire and when the insurer had made major repairs the defendant hired him to do "clean up work"; that the undocumented value of this claimed 160 hours of work done and materials supplied was $8,939.

In response defendants contend they had hired plaintiffs only to clean smoke damage to the walls and would pay Pang for necessary cleaning materials; that they had paid Mr. Pang $280.

As said, the trial court gave the Pangs judgment for $2,939 representing $1,339 Pang had paid for materials furnished and $1,600 for Pangs' labor. From this both parties have appealed.

 Plaintiffs here contend the judgment was inadequate. The trial court was not bound by their testimony of estimated time and value of the repair work. We must give due regard to the trial court's role in weighing the credibility of the witness. Rule 73.01(c)(2) and *Labor Discount Ct. v. State Bank and Trust Co.,* 526 S.W.2d 407 [4, 5] (Mo.App.1975). So, we deny plaintiffs' point I.

As to Count II defendants challenge the trial court's $2,939 judgment for plaintiffs. This represented $1,339 which the trial court found plaintiffs had paid for materials furnished and $1,600 for plaintiffs' labor; that both were beneficial to defendants. There was evidence showing defendants had impliedly authorized both these items. He had discussed the repair work with plaintiffs, had agreed to pay an unspecified amount and had in fact paid him $280 in cash. We deny defendants' contention that the $2,939 award to plaintiffs had no evidentiary support.

Judgment for defendants on Count I and for plaintiffs on Count II are both affirmed.

DOWD, P.J., and CRANDALL, J., concur.